## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DATAWIDGET, LLC,

     Plaintiff,

              v.

THE ROCKET SCIENCE GROUP LLC, *d/b/a/*
MAILCHIMP,

     Defendant.

Civil Action No.
1:20-cv-02961-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant The Rocket Science Group,

LLC's (Mailchimp) motion to dismiss [ECF 29] and Plaintiff DataWidget, LLC's

(DataWidget) motion to stay [ECF 33]. After careful review of the parties' briefing,

the Court **GRANTS** Mailchimp's motion to dismiss and **DENIES as moot**

DataWidget's motion to stay.

## I.  BACKGROUND

The following facts are accepted as true for purposes of this Order.[1] United

States Patent No. 10,102,557 (the '557 Patent) relates to a system for "selling

individually-tailored customer-specific data subsets on a third-party website

---

[1]  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

using a data seller widget" (the Widget).[2] The Widget is a piece of software that can be integrated into a vendor's webpage and allows customers to query information from a third-party data seller.[3] The Widget enables the customer to purchase this third-party data and services from the vendor simultaneously.[4]  Put another way, the system pulls data from data sellers and displays the data on a vendor webpage, allowing customers to seamlessly access and purchase the data alongside any of the vendor's own products or services in a single transaction.[5] On March 25, 2019, Joel Brown, the inventor of the '557 Patent, assigned all rights, titles and interests in the '557 Patent to DataWidget.[6]

Mailchimp is an e-commerce vendor that offers printing, direct-mail, and similar services to businesses.[7] Mailchimp's website allows customers to search third-party databases and to purchase that data along with its printing services.[8] DataWidget believes that Mailchimp partnered with a data seller that uses an

---

[2]   ECF 28, ¶ 12, 16; ECF 28-1, at 9–21 (the '557 Patent).

[3]   ECF 28, ¶ 19.

[4]   *Id.* ¶¶ 17–19.

[5]   ECF 28,¶ 20; ECF 28-1, at 2.

[6]   ECF 28, ¶ 14–15.

[7]   *Id.* ¶ 51.

[8]   *Id.* ¶ 55.

infringing software and, in doing so, uses a system that infringes upon the '557 Patent.[9] In October 2019, DataWidget contacted Mailchimp to inquire how it integrated data from data sellers into its webpage.[10] Mailchimp did not respond.[11]

DataWidget filed suit against Mailchimp on July 16, 2020, alleging direct infringement of the '557 Patent.[12] Mailchimp moved to dismiss DataWidget's initial complaint for lack of standing and failure to state a claim.[13] The Court granted Mailchimp's motion, finding that DataWidget failed to allege that it was assigned all rights to the patent and, therefore, lacked standing.[14] The Court did not address the legal sufficiency of the allegations at that time.

On May 14, 2021, DataWidget filed its First Amended Complaint, which alleges that DataWidget was assigned and has complete ownership of the '557 Patent.[15] Mailchimp once again moved to dismiss, arguing solely that the First

---

[9]   *Id.* ¶¶ 52–56.

[10]   *Id.* ¶¶ 57–58.

[11]   *Id.* ¶ 59.

[12]   ECF 1.

[13]   ECF 20.

[14]   ECF 27.

[15]   ECF 28, ¶¶ 12–15.

Amended Complaint fails to state a claim upon which relief can be granted.[16]

DataWidget responded to Mailchimp's motion,[17] and Mailchimp filed a reply.[18]

After the parties fully briefed the motion to dismiss, DataWidget moved to stay the case pending the outcome of an appeal in another case involving the '557 Patent.[19] In that case, the United States District Court for the District of Arizona found, as a matter of law, that the '557 Patent is invalid.[20] DataWidget appealed this decision to the Federal Circuit and argues that the present case should be stayed while the Federal Circuit determines the patent's validity.[21] Mailchimp opposes DataWidget's motion to stay.[22] Because the Court finds that DataWidget has failed to state a claim in any event, it denies the motion to stay as moot.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to

---

[16]   ECF 29.

[17]   ECF 31.

[18]   ECF 32.

[19]   ECF 33.

[20]   *Id.* at 2.

[21]   ECF 36, at 1–2.

[22]   ECF 34.

relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002). A complaint is plausible on its face when a plaintiff pleads facts sufficient for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n*, 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296

(11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

Mailchimp argues that the First Amended Complaint should be dismissed because DataWidget has admitted, repeatedly, that it lacks knowledge of how Mailchimp's platform works, making any claims that the platform infringes on the '557 Patent implausible,[23] and because the allegations are conclusory, speculative, and fail to place Mailchimp on notice of what conduct infringes on the '557 Patent.[24] DataWidget responds that Mailchimp has been given fair notice of its infringing conduct because the technology at issue "is not so complex" so as to require detailed factual allegations.[25] DataWidget has also requested leave to amend should the Court find that the First Amended Complaint is deficient.[26]

---

[23]   ECF 29-1, at 6–9.

[24]   *Id.* at 10–15.

[25]   ECF 31, at 1, 9–14.

[26]   *Id.* at 14–17.

## A.      Mailchimp's Motion to Dismiss

The Court agrees with Mailchimp that the First Amended Complaint fails to state a plausible claim for patent infringement. DataWidget bases its claim on a series of assumptions, the primary assumption being DataWidget's belief that a non-party software developer, Compact Information Systems, Inc. (Compact), created a software that performs the same functions as the Widget.[27] DataWidget believes that data sellers, or "plugin providers," license or buy this software from Compact,[28] and then allow vendors to use the software to give customers access to their databases.[29] Because Mailchimp's customers can purchase data along with Mailchimp's printing services,[30] DataWidget reasons, it *must* have partnered with a data seller, though it doesn't specify which one, to integrate an infringing software into its website.[31] DataWidget essentially alleges that Mailchimp infringes on the '557 Patent because its website functions in a way that could be accomplished through use of the Widget.

---

[27]    ECF 28, ¶¶ 39–44.

[28]    *Id.* ¶¶ 40, 44.

[29]    *Id.* ¶¶ 45–50.

[30]    *Id.* ¶¶ 51, 55.

[31]    *Id.* ¶¶ 52–53.

According to DataWidget, its allegations are sufficient because they place Mailchimp on notice of the claims against it. DataWidget argues that it need only allege "(1) ownership of the patent, (2) the infringer's name, (3) a citation to the infringed patent, (4) the infringing activity, and (5) citations to federal patent law."[32] *Spanakos v. Aronson*, No. 17-80965-CV, 2018 WL 2392011, at *3 (S.D. Fla. Apr. 3, 2018) (citing *In re Bill of Lading Transmission*, 681 F.3d 1323, 1335-36 (Fed. Cir. 2012)). These elements are consistent with a form complaint, known as Form 18, which provided an example for patent infringement claims. *Hi-Tech Pharms., Inc. v. Hodges Consulting, Inc.*, 230 F. Supp. 3d 1323, 1335 (N.D. Ga. 2016). Indeed, under Form 18, "little more than a conclusory statement alleging that the defendant infringed on the claimant's patent," was sufficient to satisfy Rule 8. *Id.* (quotation marks omitted) (quoting *Graphic Packaging, Int'l., Inc. v. C.W. Zumbiel Co.*, 1:10–CV–3008–AT, 2011 WL 5829674, at *4 (N.D. Ga. Aug. 1, 2011)).

Form 18, however, along with Rule 84 of the Federal Rules of Civil Procedure allowing it, were abrogated by the Supreme Court in 2015. *Hi-Tech Pharms., Inc.,* 230 F. Supp. 3d at 1335. *See also* Fed. R. Civ. P. 84 (abrogated effective Dec. 1, 2015). "Since then, nearly all courts have found that the *Twombly/Iqbal*

---

[32]    ECF 31, at 11.

pleading standard applies to direct patent infringement claims." *Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, No. 1:20-CV-4816-TCB, 2021 WL 3121487, at *3 (N.D. Ga. July 23, 2021) (collecting cases). Accordingly, though a plaintiff need not plead facts showing that every claim limitation of the patent is met, it must "do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (emphasis in original).

DataWidget fails to allege any facts connecting Mailchimp's actions to the claim elements of the '557 Patent. DataWidget alleges that Mailchimp's website allows customers to access third-party seller data,[33] but only speculates as to how Mailchimp accomplishes this.[34] This is fatal to DataWidget's claims. The means by which customers access third-party data is the heart of the '557 Patent, and DataWidget cannot allege infringement without factual allegations showing how Mailchimp gives its customers this access. The sheer possibility that Mailchimp uses a software that functions the same way as the Widget is insufficient to state a claim for patent infringement.

---

[33]   ECF 28, ¶ 55.

[34]   *Id.* ¶ 54.

The Court recognizes that DataWidget can do little more than speculate when it has no insight into Mailchimp's operations, and that it is difficult to gain such insight without the access afforded by civil discovery. But allowing this case to proceed based on assumptions would impermissibly lower the pleading standard such that any patent holder can pursue claims, and force a defendant to incur the time and costs of litigation, simply because another product resembles its own. To make it past the pleadings stage, a plaintiff must "allege sufficient facts 'to raise a reasonable expectation that discovery will reveal evidence' that *supports* the plaintiff's claim." *Hi-Tech Pharms.,* 230 F. Supp. 3d at 1323 (emphasis added) (quoting *Twombly*, 550 U.S. at 556). This does not mean that DataWidget is entitled to discovery to determine whether it has a claim in the first place.

## B.   Leave to Amend

In its response, DataWidget requests that the Court grant it leave to amend to cure any deficiencies in the First Amended Complaint.[35] DataWidget's request is improper. "[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018)

---

[35]   ECF 31, at 14–15.

(quoting *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018)). Further, any request for leave to amend must "either attach a copy of the proposed amendment to the motion or set forth the substance thereof." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1163 (11th Cir. 2019) (quoting *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006)). DataWidget failed to set forth the substance of its proposed amendment, and so the Court denies its request.

## IV.   Conclusion

Mailchimp's motion to dismiss [ECF 29] is **GRANTED**. DataWidget's motion to stay [ECF 33] is **DENIED as moot**. This case is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 7th day of March, 2022.

Steven D. Grimberg
United States District Court Judge